UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLBY DIXON                              CIVIL ACTION

VERSUS                                   NO: 13-5432

MOTIVA ENTERPRISES, LLC,                 SECTION: "A" (2)
DAVID G. BRIGNAC AND ABC
INSURANCE COMPANY

<u>**ORDER AND REASONS**</u>

Before the Court is a **Motion to Remand (Rec. Doc. 8)** filed by
Plaintiff Colby Dixon.  Defendant Motiva Enterprises opposes the
motion. (Rec. Doc. 9). The motion, noticed for submission on
August 30, 2013, is before the Court on the briefs without oral
argument.  For the following reasons, Plaintiff's motion to remand
is GRANTED.

**I. <u>BACKGROUND</u>**

The instant case arises from a slip-and-fall incident that
occurred while Plaintiff was working for a third-party contractor
at one of Motiva's refineries.  Plaintiff claims he was injured
when he stepped into a puddle of water leaking from damaged pipes.
He seeks damages from Motiva and defendant David Brignac, who was
the general manager of the refinery, in his personal capacity.
Plaintiff filed his action in state court and Motiva responded
with a notice of removal, alleging improper joinder of Brignac.
Plaintiff and Brignac are both citizens of Louisiana.

Plaintiff now moves to remand the case to state court arguing

that Brignac was properly joined, and therefore this Court lacks
jurisdiction.

II. <u>CONTROLLING LAW</u>

Diversity jurisdiction has two requirements, both of which
must be fulfilled for a district court to have the power to hear a
case.  There must first be complete diversity between all
plaintiffs and all defendants; secondly, the amount in controversy
must be greater than $75,000.  28 U.S.C. § 1332(a)(1).  Only the
first requirement, complete diversity of citizenship, is at issue
in this case.

Any civil action brought in a state court may be removed to a
district court if the district court would have had original
jurisdiction.  28 U.S.C. § 1441.  The removing party must establish
the existence of federal jurisdiction. *Dodson v. Spiliada Maritime
Corp.,* 951 F.2d 40, 42 (5ᵗʰ Cir. 1992) (*citing B., Inc. v. Miller
Brewing Co.,* 63 F.2d 545 (5ᵗʰ Cir. 1981)).  Where improper or
fraudulent joinder is being alleged to establish jurisdiction, as
Motiva is claiming, the removing party has the burden of proving
the claimed fraud.  *Dodson,* 951 F.2d at 42.  The burden of
establishing improper joinder is a heavy one. *Ford v. Elsbury,* 32
F.3d 931, 935 (5ᵗʰ Cir. 1994) (*citing B., Inc.,* 663 F.2d at 549).

The Fifth Circuit has recognized two ways to establish
improper joinder: actual fraud in the pleading of jurisdictional

2

facts, or inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).  Since Motiva does not allege actual fraud, the Court will analyze only the latter means of establishing improper joinder.

The manner by which a removing party may prove improper joinder under the second part of the *Smallwood* test is by demonstrating "that there is no possibility of recovery by the plaintiff against an in-state defendant," which means "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.  A court may predict whether a plaintiff has a reasonable basis for recovery by conducting a 12(b)(6) analysis, looking first to the allegations of the complaint to determine whether it states a claim under state law against the in-state defendant.  *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*  The court must evaluate all of the factual allegations in the light most favorable to the plaintiff and resolve all issues of substantive fact in favor of the plaintiff. *B., Inc.,* 63 F.2d at 549.  If there are any ambiguities, they are construed against removal, because the removal statute is to be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

3

The court must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party, then determine whether that party has any possibility of recovery against the party whose joinder is being questioned. *Dodson,* 951 F.2d at 42 (5th Cir. 1992).  The court does not decide whether the plaintiff will actually or even probably prevail on the merits, it only asks if there is a possibility he may do so.  *Id.* (*citing Green v. Amerada Hess Corp.,* 707 F.2d 201 (5th Cir. 1983)).

Louisiana law recognizes a cause of action against an employee in his personal capacity stemming from the negligent performance of his duties on the job. *See Canter v. Koehring Co.,* 283 So. 2d 716 (La. 1976).  Under *Canter*, personal liability may attach where: the company owed a duty of care to the injured individual, and the breach of that duty caused the damages for which recovery is sought; the company delegated its duty to the employee being sued; and the employee breached the delegated duty through personal fault. *Id.* at 721. However, personal liability cannot be imposed on an employee simply because of his general administrative responsibility for performance of some function of employment.  *Id.*

**III. <u>ANALYSIS</u>**

Based on the foregoing, unless Motiva can show that Plaintiff

4

has no possibility of recovery against defendant Brignac under Louisiana law, joinder was proper and there is no diversity of citizenship in this action.  Without diversity of citizenship, the Court lacks original jurisdiction and removal to a federal district court was improper.

As explained above, the *Canter* decision specifically recognizes that under certain circumstances an employee can be held personally liability to a third party for negligence in performing his job duties.  The Fifth Circuit has held that personal liability can turn on factual issues such as whether the employee was aware or should have been aware of a risk of harm and nevertheless failed to respond to the risk in the manner in which a reasonably prudent plant manager would respond in the same or similar circumstances. *Ford,* 32 F.3d at 936; *see also Moore v. Manns,* No.12-31265, 2013 WL 5537417 (Oct. 8, 2013).

At this juncture the Court accepts the facts alleged in Plaintiff's complaint as true.  Plaintiff has alleged that defendant Brignac was in charge of safety at the plant and was aware of the leaking pipe that was the root cause of the accident at issue. (Rec. Doc. 1, Petition ¶ 11).  Plaintiff also alleged that Brignac failed to take any steps to remedy the leak, or to warn employees of the danger. (*Id.*)  Taking these factual allegations as true, the Court cannot rule out the possibility of

recovery against Brignac under state law.

Motiva has submitted summary judgment-type evidence in the form of an affidavit from Brignac. The affidavit, which by its very nature is self-serving, contradicts Plaintiff's factual allegations. But Plaintiff has not yet been afforded discovery and this case is still in its infancy so the Court accepts the truth of Plaintiff's allegations. And again, based on those allegations the Court cannot rule out the possibility of recovery against Brignac under state law.

In sum, Motiva has not carried its heavy burden as to improper joinder. Plaintiff and Brignac are both Louisiana citizens so there is no complete diversity of citizenship. Without diversity of citizenship, this Court lacks subject matter jurisdiction and must remand the case to state court.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 8)** filed by plaintiff Colby Dixon is **GRANTED.** This matter is **REMANDED** to the state court from which it was removed under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

October 22, 2013

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE